DECISION.
{¶ 1} Defendant-appellant Bennie Wilson appeals his conviction on two counts of aggravated assault. Wilson had been indicted on two counts of felonious assault, but, after a bench trial, had been found guilty of the lesser offenses. The trial court sentenced Wilson to the maximum term of eighteen months in prison. We affirm.
 {¶ 2} On September 21, 2002, Wilson and his wife, Mary, were sitting on a bench in Washington Park with Bennie Williams. All three had been drinking alcohol.
 {¶ 3} Williams, the victim, testified that he had known Mary for several years, but that he had only known Wilson by sight for a few weeks before that day. Williams testified that he had not known that Mary and Wilson were married, but that while the three of them were sitting on the bench, Mary had asked Wilson for a divorce. Williams testified that after hearing Mary ask Wilson for a divorce, he said to her, "[I]f you ever need a place to lay your head or something to eat, you're always welcome."
 {¶ 4} According to Williams, immediately after his offer to Mary, Wilson jumped up and stabbed him with a knife two times, once in the neck and once in the head. Bleeding profusely, Williams was helped by several people in the park and was eventually taken to the hospital, where he remained for 36 hours. Wilson walked away from the scene and was arrested several hours later by police.
 {¶ 5} Wilson testified that while he, Mary, and Williams sat on the park bench, there had been no conversation concerning his marriage to Mary and that she had not asked him for a divorce. Wilson testified that Williams said to Mary, "I would like to lay down with you." Wilson admitted that the comment had made him angry. Wilson also testified that Williams had slapped Mary twice and kept "rushing" at him. Wilson admitted that because he was angry, he and Williams began "tussling," and that he pulled his knife out and cut Williams twice.
 {¶ 6} The trial court found that Wilson had not stabbed Williams in self-defense, but that because Williams had provoked Wilson's anger, Wilson was guilty only of aggravated assault. Wilson now appeals his conviction for aggravated assault, advancing three assignments of error.
 Sufficiency and Manifest Weight {¶ 7} In his first two assignments, Wilson argues that his conviction was not supported by sufficient evidence and that it was against the manifest weight of the evidence. When reviewing the sufficiency of the evidence to support a conviction, we must examine the evidence admitted at trial in the light most favorable to the prosecution and determine whether such evidence could have convinced any rational trier of fact that the essential elements of the crime had been proved beyond a reasonable doubt.[1] In a challenge to the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and decide whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[2]
 {¶ 8} The aggravated-assault statute states, "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly: (1) Cause serious physical harm to another or to another's unborn."[3]
 {¶ 9} Wilson admitted in his testimony that he had stabbed Williams. Wilson also offered evidence that his attack on Williams had been provoked by Williams's words and threatening actions. Williams testified that he had been hospitalized for 36 hours, and the parties stipulated that Williams had been stabbed twice.
 {¶ 10} We conclude, viewing the evidence in a light most favorable to the state, that a rational person could have found that the state had proved all the elements of aggravated assault beyond a reasonable doubt. We also conclude, after reviewing the entire record, that the trial court did not lose its way in finding Wilson guilty of two counts of aggravated assault. Accordingly, we overrule Wilson's first and second assignments of error.
 Sentencing {¶ 11} In his third assignment of error, Wilson argues that the trial court did not comply with the sentencing guidelines and that the imposition of the maximum term for aggravated assault (eighteen months) was excessive.
 {¶ 12} An appellate court's standard of review for sentencing is not whether the sentencing court abused its discretion.[4] An appellate court may not disturb a sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law.[5]
 {¶ 13} For a court to impose the maximum sentence, it must comply with two statutory provisions. The first, R.C. 2929.14(C), establishes the public policy disfavoring maximum sentences except for the most deserving offenders.[6] It states that a trial court may impose the longest prison term authorized for the offense only upon (1) offenders who have committed the worst form of the offense; (2) offenders who pose the greatest likelihood of committing future crimes; (3) certain major drug offenders; and (4) certain repeat violent offenders.[7] The other statute at issue, R.C. 2929.19(B)(2)(d), requires a sentencing court to state on the record its findings supporting its decision to impose the maximum sentence.[8]
 {¶ 14} At Wilson's sentencing hearing, the trial court merged the two counts of aggravated assault and imposed only one sentence. The court discussed Wilson's extensive criminal record. While living in Alabama, Wilson had been convicted of sexual assault in 1974 and child molestation in 1975, for which he had been sentenced to four years of probation. In 1978, he had been convicted of burglary and sentenced to four years of confinement. He had been paroled in 1982. In 1982, he had been convicted of robbery and sentenced to fifteen years of confinement. In 1989, he had been convicted of driving under the influence and driving with a suspended license. Wilson had then moved to Cincinnati, where he had received three DUI convictions, plus convictions for forgery in 1999, theft in 2001, and domestic violence in 2002.
 {¶ 15} The court stated that Wilson had been on probation in Hamilton County a number of times. The court noted that Wilson's probation had been revoked four times. The court stated that Wilson was under community control at the time of the aggravated assaults. The court also found that the victim had suffered serious physical harm.
 {¶ 16} The trial court concluded, "He, based on his record, what he did, and based on the fact he was on probation for a violent offense, he does pose the greatest likelihood of recidivism. So, I am going to impose the maximum term on this."
 {¶ 17} We hold that the trial court sufficiently stated on the record its reasons supporting its decision. The trial court stated its reasons and then found that Wilson posed the greatest likelihood of committing future crimes, thus allowing the court to impose the maximum sentence of eighteen months on Wilson. And in view of Wilson's extensive criminal record, prior unsuccessful probations, and the fact that he was on community control at the time he committed the offenses at issue, we conclude that the trial court's decision is supported by the record.
 {¶ 18} Accordingly, we overrule Wilson's third assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Sundermann, P.J., and Hildebrandt, J., concur.
[1] See State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541.
[2] Id. at 387.
[3] R.C. 2903.12(A).
[4] R.C. 2953.08(G)(2).
[5] Id.
[6] See State v. Edmonson, 86 Ohio St.3d 324, 328, 1999-Ohio-110,715 N.E.2d 131.
[7] R.C. 2929.14(C).
[8] See State v. Edmonson, supra, at 328.